**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0108, <u>State of New Hampshire v. Cleve Wilmot</u>, the court on December 24, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Cleve Wilmot, was sentenced, after a jury trial in Superior Court (<u>Temple</u>, J.), for, <u>inter</u> <u>alia</u>, pattern aggravated felonious sexual assault (pattern AFSA). <u>See</u> RSA 632-A:2, III (2016). On appeal, he argues that the trial court erred by denying his motion to enter a conviction for misdemeanor sexual assault rather than pattern AFSA. We affirm.

The pattern AFSA indictment at issue in this case states, in relevant part, that the defendant:

> between or about the 1st day of January 2013 and the 1st day of December 2018, at Nashua in the County of Hillsborough, aforesaid, did commit the crime of PATTERN AGGRAVATED FELONIOUS SEXUAL ASSAULT in that he knowingly engaged in a pattern of sexual assault against [the victim] (DOB: . . . 2004), not his legal spouse who was under 16 years of age at the time by putting his penis in her mouth, on more than one occasion over a period of 2 months or more and within a period of 5 years.[1]

(Bolding omitted.) In addition, at the top of the page, in the caption to the indictment, appear the following: "D.O.B. 03/28/1970," "RSA Ch. 632-A:2, III," and "AFSA - Pattern Sexual Assault." With respect to this charge, the jury was instructed that the State was required to prove that: (1) the defendant engaged in a pattern of sexual assault with the victim as described; (2) the victim was not his legal spouse; (3) the victim was under 16 years of age; and (4) the defendant acted knowingly. The trial court defined "pattern of sexual assault" as "committing more than one act of sexual penetration upon the same person over a period of two months or more, and within a period of five years." The jury returned a verdict of guilty on this charge.

---

[1] The indictment sets forth the victim's date of birth, which was in 2004. We have omitted the month and day, as they are unnecessary to our analysis.

The defendant did not object to either the indictment or the jury instructions. Instead, he filed a motion asking the trial court to enter his conviction as misdemeanor sexual assault and to sentence him accordingly. See RSA 632-A:4 (Supp. 2023). The trial court ruled that the defendant's post-trial motion challenging the sufficiency of the indictment and the jury instructions was untimely, and denied it. The defendant thereafter appealed.

The defendant contends that, although the State had intended to charge the felony offense of pattern AFSA, the indictment alleges only misdemeanor sexual assault. Similarly, the defendant argues that the jury was instructed to find elements that establish only misdemeanor sexual assault.

The crime of pattern AFSA is defined in RSA 632-A:2, III, which provides:

> A person is guilty of aggravated felonious sexual assault when such person engages in a <u>pattern of sexual assault</u> against another person, not the actor's legal spouse, who is less than 16 years of age. The mental state applicable to the underlying acts of sexual assault need not be shown with respect to the element of engaging in a pattern of sexual assault.

(emphasis added). The term "pattern of sexual assault" is defined in RSA 632-A:1, I-c (2016) as meaning: "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years." With respect to the acts alleged in the indictment, the defendant argues, <u>inter alia</u>, that to have violated RSA 632-A:2, the alleged acts of penetration had to have occurred when the victim was under the age of thirteen. See RSA 632-A:2, I(*l*)(2016). Alternatively, to have violated RSA 632-A:3, if the acts occurred when the victim was between thirteen and sixteen years of age, the age difference between the victim and the defendant had to have been four years or more. See RSA 632-A:3, II (Supp. 2023). Because the indictment did not allege either that the acts occurred when the victim was under the age of thirteen or that the age difference between the victim and the defendant was four years or more, the defendant contends that the indictment alleges misdemeanor sexual assault pursuant to RSA 632-A:4, I(c), which provides that a person is guilty of a class A misdemeanor:

> In the absence of any of the circumstances set forth in RSA 632-A:2, when the actor engages in sexual penetration with a person who is 13 years of age or older and under 16 years of age where the age difference between the actor and the other person is 4 years or less.

Accordingly, the defendant contends that he was convicted of misdemeanor sexual assault, not felony pattern AFSA.

2

A defendant must bring challenges to the sufficiency of a charging document before trial. See State v. Pinault, 168 N.H. 28, 33 (2015). The trial court, relying upon our decision in State v. Leroux, 175 N.H. 204 (2022), concluded that the defendant's challenge to the sufficiency of the indictment was untimely. On appeal, the defendant contends that because, in his view, the indictment sufficiently charged the misdemeanor offense of sexual assault,[2] and because he never moved to dismiss or challenge the sufficiency of the indictment, he was not required to object to the indictment. We disagree.

As the trial court noted, we recently rejected a similar argument in State v. Leroux. There, the defendant was charged with one count of class A misdemeanor driving after his license was suspended. Leroux, 175 N.H. at 206. The complaint alleged that the defendant's privilege to drive had been suspended "by the director of motor vehicles for DWI-second offense." Id. After the State rested, the defendant unsuccessfully moved to dismiss the complaint, arguing, for the first time, that the complaint failed to allege that his license was suspended by a court of competent jurisdiction, and therefore insufficiently alleged a class A misdemeanor. Id. On appeal, in response to the argument that his challenge to the sufficiency of the complaint was untimely, the defendant argued that the complaint adequately alleged a violation-level offense, and therefore he could properly raise the issue when he did. Id. at 207. We disagreed, stating that, "notwithstanding his contention that the complaint adequately alleged a violation-level offense, the defendant was required to bring his challenges to the sufficiency of the complaint before trial." Id. at 208 (quotation and brackets omitted). Similarly, in the instant case, we conclude that, notwithstanding his contention that the indictment adequately alleged a misdemeanor-level offense, the defendant was required to challenge the sufficiency of the indictment before trial.[3]

The defendant relies upon our decisions in State v. Allegra, 129 N.H. 720 (1987), and State v. Perry, 166 N.H. 716 (2014). Neither case controls. In Allegra, the indictment alleged all of the elements of the crime of forgery, but mistakenly included the notation "Class B Felony." Allegra, 129 N.H. at 724. The error was not that the indictment mistakenly failed to allege an element of the offense — rather, the State erroneously took the position that the writing that the defendant was alleged to have altered was of a type that made the

---

[2] For the purposes of this appeal, we will assume without deciding that, as the defendant contends, the indictment sufficiently charges the misdemeanor offense of sexual assault.

[3] Although the defendant maintains that his motion to enter misdemeanor convictions was not a challenge to the sufficiency of the indictment, we disagree. The substance of the motion challenged the sufficiency of the indictment — the motion argued that the indictment did not contain the facts needed to allege the elements of pattern AFSA. Accordingly, we conclude that the defendant's motion was in essence a challenge to the sufficiency of the indictment that, as we held in State v. Leroux, 175 N.H. 204 (2022), the defendant needed to raise before trial.

3

crime a class B felony when in fact it made the crime a misdemeanor. Id. at 724-25. This court exercised its supervisory jurisdiction to remand for reconsideration of the sentences imposed because the trial court was likely under the mistaken impression that the defendant had committed a felony when in fact he had committed a misdemeanor. Id. at 725-26. We are not persuaded that this court's exercise of its supervisory jurisdiction in Allegra to address the possibility that a defendant who in fact committed only a misdemeanor was mistakenly sentenced for a felony supports the defendant's contention that our holding in Leroux is inapplicable here.

As for Perry, we agree with the State that nothing in the opinion addresses arguments related to timeliness or preservation. By contrast, here those issues were raised in the trial court, and the trial court denied the defendant's motion specifically on the ground that it was untimely. Accordingly, we conclude that our decision in Perry also is not inconsistent with our application of the holding in Leroux to this case.

Although we conclude that the defendant's challenge to the indictment was untimely, we will review that challenge under our plain error standard. See Leroux, 175 N.H. at 208 (reviewing untimely challenge to sufficiency of complaint under plain error standard). To find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. If all three conditions are met, we may then exercise our discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id. at 208-09.

An indictment must describe the offense with sufficient specificity to ensure that the defendant can prepare for trial and avoid double jeopardy. State v. Davis, 149 N.H. 698, 704 (2003). Here, the State contends that the indictment sufficiently alleged pattern AFSA. It argues that an indictment generally is sufficient if it recites the language of the relevant statute, see id., and that the indictment in this case recited the language of the relevant statute — RSA 632-A:2, III.

In State v. Ericson, 159 N.H. 379 (2009), we considered an indictment alleging that the defendant did knowingly engage in a pattern of sexual assault on the victim, a child under the age of 16, by committing more than one act of AFSA or felonious sexual assault or both over a period of two months or more and within a period of five years. Ericson, 159 N.H. at 384. The defendant argued that the indictment was insufficient because it failed to allege the predicate acts comprising the pattern of sexual assault. Id. at 385. We disagreed, ruling that the individual acts of sexual contact underlying the pattern do not constitute elements of the pattern crime, and need not be alleged in the indictment. Id.

4

In this case, the indictment similarly alleges that the defendant knowingly engaged in a "pattern of sexual assault," a term that is defined in RSA 632-A:1, I-c as meaning "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years." RSA 632-A:1, I-c; cf. State v. MacElman, 154 N.H. 304, 312-13 (2006) (in assessing sufficiency of indictment alleging that defendant maintained a dwelling house "resorted to by drug dependent persons," court relied in part upon fact that the statute provided a definition of "drug-dependent person"); State v. Jim, 508 P.2d 462, 471 (Or. Ct. App. 1973) (stating that where words used in indictment are sufficiently defined in statute, the definitions need not be included in the indictment). In addition, the indictment specifically alleged that the defendant committed the crime of "PATTERN AGGRAVATED FELONIOUS SEXUAL ASSAULT." It also specified the date of birth of the victim, the time period during which the alleged acts occurred, and the nature of the alleged acts.[4]

As the trial court noted, "Ericson seems to suggest that the pattern indictments in this case are sufficient." However, also like the trial court, we need not decide that issue. Instead, in light of the above, we conclude that any error was not "plain." Furthermore, assuming the indictment was deficient for failing to allege a circumstance that would make the defendant's acts of sexual penetration fall under RSA 632-A:2 or RSA 632-A:3, such as an age difference between the victim and the defendant of four years or more, we conclude that the error did not affect the defendant's substantial rights. Nothing in the record suggests that the outcome in this case would have been different had the indictment included that allegation. See Leroux, 175 N.H. at 209. As discussed below, the evidence in this case is uncontroverted that the age difference between the victim and the defendant is four years or more, and the indictment alleged the victim's date of birth. Accordingly, we find no plain error.

We next consider the defendant's argument that the trial court did not instruct the jury that it was required to find a circumstance that would elevate the defendant's alleged acts of sexual penetration to a violation of RSA 632-A:2 or RSA 632-A:3, such as there being an age difference between the victim and the defendant of four years or more. A specific, contemporaneous objection is necessary to preserve a challenge to a jury instruction for appellate review. See State v. Washburn, 170 N.H. 688, 696 (2018). Because the defendant did not make such an objection, his challenge to the jury instructions was untimely.[5]

---

[4] We note, as we did in Ericson, that there is no evidence in the record before us that the defendant requested a bill of particulars. State v. Ericson, 159 N.H. 379, 385 (2009).

[5] To the extent that the defendant argues that he had no reason to object to the jury instructions because the court's instructions explained the elements of misdemeanor sexual assault, we disagree. As we explained above, the defendant failed to timely challenge the

Accordingly, we review the jury instructions for plain error. See State v. Russell, 159 N.H. 475, 489-94 (2009). We will assume, without deciding, that the failure to instruct the jury that it was required to find that the age difference between the victim and the defendant was four years or more satisfies the first three prongs of the plain error test. Under the fourth prong of the test, we consider whether the trial court's error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 491. Here the evidence that the age difference was over four years was uncontroverted. Both the victim and her mother testified to the victim's date of birth, which was in 2004. The defendant testified that after he left school, he joined the Army National Guard, and that near the end of his time in the Army National Guard, "around 1994," he first met the victim's mother. Given the uncontroverted evidence demonstrating that the age difference between the victim and the defendant was well over four years, we rule that there is no basis for concluding that any error in the jury instructions seriously affected the fairness, integrity or public reputation of judicial proceedings. See id. at 491-92. Thus, the fourth prong of the plain error standard is not satisfied. Accordingly, we affirm.

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

sufficiency of the pattern AFSA indictment, and we have found no plain error. Accordingly, to the extent that the defendant contends that the failure to instruct the jury that it was required to find a circumstance that would elevate his alleged acts of sexual penetration to a violation of RSA 632-A:2 or RSA 632-A:3 was error, we conclude that he was required to make a contemporaneous objection to the jury instructions to preserve that issue for appellate review.